## ZOILA BUZO

*v.*

## SAN JUAN LIGHT & TRANSIT COMPANY, ET AL.

San Juan, Law, No. 612.

Under the law of Porto Rico, no recovery can be had by any collateral relative, such as an aunt, for negligence resulting in the death of a minor when the suit is not against a master or employer. Such minor was under no obligation to support an aunt.

Opinion filed February 12, 1910.

NOTE.—*Damages.*—As to damages recoverable by collateral kindred for negligent killing of their relative, see note to Rhoads v. Chicago & A. R. Co. 11 L.R.A.(N.S.) 623.

*Mr. Willis Sweet* and *Mr. Artemio Rodriguez,* attorneys for the plaintiff.

*Mr. H. F. Hord* and *Mr. F. H. Dexter,* attorneys for the defendants.

RODEY, Judge, delivered the following opinion:

This case is before us on a rehearing of the renewed demurrer to the amended complaint. Our opinion on the issue raised by the demurrer interposed by the two defendants to the original complaint is an extensive one, and will be found published in 4 Porto Rico Fed. Rep. at page 520. It was filed on June 18, 1909, and its closing paragraph was that "unless within five days the complaint is amended (if it can be) so as to show a right in plaintiff to bring the suit, it will stand dismissed at the cost of plaintiff, without further action on the part of the court," etc. Five days later, on June 23, 1909, the complaint was amended, and in a memorandum which we sent to the files on July 1, 1909, after the demurrers had been interposed to it again, we held that it was sufficient. Notwithstanding this, counsel for defendants have urgently pressed us for a reconsideration of this latter holding, and have filed additional briefs in that regard.

After having now given the matter quite careful consideration, we are constrained to concede that we erred in holding the amendment referred to as sufficient. It probably cannot be denied that §§ 60 and 61 of the modern American Code of Civil Procedure of Porto Rico of 1904 comprise an exclusive

Buzo v. San Juan Light & T. Co.

remedy in so far as they provide who may sue for death or injury by wrongful act. Under § 60, the father, or in case of his death the mother, may maintain an action for the injury or death of a minor child, and a guardian for the injury or death of his ward, who, of course, is of necessity also a minor. Section 61 relates entirely to cases where the death or injury was of a person not a minor. It must be remembered that the present case is not an action under any master and servant law. The local employers' liability act and the national employers' liability acts are the law in such cases wherever applicable. This is a case where an aunt in the amendment, and as her alleged reason for her right to maintain the suit, states that she relied upon the deceased for her support, and that deceased was furnishing her financial aid during the last four years of his life, etc.

Reluctant though we are to make the holding, in the light of the law as it now stands with reference to other relatives in master and servant cases, still we believe it to be the law that no collateral relative, in cases where the suit is not against a master or employer, can now recover in Porto Rico for a wrongful or negligent injury resulting in death, and hence it must be held that this plaintiff has not stated a cause of action by the amendment referred to. The cause will therefore stand dismissed with costs, and an order to that effect will be entered.